FILED
CLERK, U.S. DISTRICT COURT
8/4/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:23-cr-00386-TJH |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 18 U.S.C. § 924 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| ERIC HAKI HARRIS, aka "G-way," | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about July 21, 2023, in Ventura County, within the Central District of California, defendant ERIC HAKI HARRIS also known as "G-way," knowingly possessed ammunition, namely, five rounds of Federal Cartridge Company 9mm caliber ammunition and three rounds of Winchester 9mm caliber ammunition contained inside a privately manufactured 9mm Luger pistol bearing no serial number (commonly referred to as a "ghost gun"), each in and affecting interstate commerce.

Defendant HARRIS possessed such ammunition knowing that he had previously been convicted of a felony crime punishable by a term of

1  imprisonment exceeding one year, namely, Carrying a Concealed Weapon
2  in a Vehicle, in violation of California Penal Code Section
3  25400(a)(1), in the Superior Court of the State of California, County
4  of Ventura, Case Number 2022002364, on or about March 16, 2022.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FORFEITURE ALLEGATION

[18 U.S.C. § 924 and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2.  If so convicted, the defendant shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//
//
//
//
//

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                                A TRUE BILL

                                                    /S/
                                                Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

DEREK R. FLORES
Assistant United States Attorney
General Crimes Section